# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEYONNA CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ) | |
| NICHOLAS STONE, and ) | JURY TRIAL DEMANDED |
| CITY OF PINE LAWN ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Keyonna Crawford, by and through undersigned counsel, and for her cause of action against Defendants, Nicholas Stone and City of Pine Lawn, states as follows:

## INTRODUCTION

1. This is a civil action brought by Plaintiff Keyonna Crawford (hereinafter Plaintiff) against Nicholas Stone (hereinafter Stone), a former City of Pine Lawn police officer, for committing acts which violated Plaintiff's Fourteenth Amendment rights secured under the United States Constitution and rights under Missouri law. This action is brought against the City of Pine Lawn (hereinafter Pine Lawn) for engaging in practices and customs, as well as implementing policies, that have resulted in the violation of Plaintiff's Fourteenth Amendment rights. This case arises out of an incident that took place on November 17, 2015, wherein Stone encountered Plaintiff at her place of employment, a gas station. During the incident, Stone made sexually offensive contact with Plaintiff by forcefully slapping her on her buttocks. The entire incident was captured on video surveillance.

## PARTIES

2.	Plaintiff Keyonna Crawford (Plaintiff) is, and has been at all times herein mentioned, a resident of Spanish Lake in St. Louis County in the State of Missouri.

3.	Defendant Nicholas Stone (Stone) was, at all times herein mentioned, a resident of St. Louis County in the State of Missouri.  At all times herein mentioned, Stone was a police officer certified by the State of Missouri and employed by the City of Pine Lawn.  The actions of Stone were done under color of law.  Stone is sued in his individual capacity only.

4.	Defendant Pine Lawn is a municipal corporation, organized and existing pursuant to Missouri law and located in St. Louis County, Missouri.  Pine Lawn is sued by virtue of the practices, customs and policies described herein.

## JURISDICTION AND VENUE

5.	This cause is brought pursuant to 42 U.S.C. §1983.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343.  Venue is appropriate in this Court pursuant to 28 U.S.C.§1391(b) because all of the incidents and events giving rise to this suit occurred in St. Louis County, Missouri which is in this judicial district, and all the Defendants are located in this district.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## FACTS

6.	On November 17, 2015, Plaintiff was employed as a store clerk at a Phillips 66 gas station (hereinafter "the store") located at 6150 Natural Bridge Road in Pine Lawn, Missouri.

On said date, Plaintiff was performing her work duties primarily behind a counter in an enclosed workspace reserved for store employees only.

7. While Plaintiff was working behind the counter, Stone entered the store. When Stone entered the store, he was on duty. Stone was dressed in his police uniform and was armed with his department issued firearm.

8. While inside the store, Stone eventually walked behind the counter and entered the enclosed workspace where Plaintiff was located. Stone was not invited into Plaintiff's workspace.

9. While behind the counter, Stone picked up a gun that was underneath the counter near the cash register. Stone began to handle the gun in the presence of Plaintiff and the other employees. Stone unloaded the gun and reloaded it with department issued ammunition from his police belt.

10. After handling the gun, Stone eventually put the gun back underneath the counter and replaced the department issued ammunition with the original ammunition.

11. Stone approached Plaintiff and told her she needed an attitude adjustment. Shortly thereafter, Stone forcefully slapped Plaintiff on her buttocks with his open hand.

12. During the incident, Stone asked Plaintiff if she would rather he taze her than hit her.

13. As a result of Stone's actions, Plaintiff experienced damage in the form of pain and suffering, and severe emotional distress.

## COUNT I

### 42 U.S.C. § 1983—FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION AGAINST DEFENDANT NICHOLAS STONE

14. Plaintiff incorporates by reference all prior allegations of this Complaint as if fully set forth herein.

15. Stone violated Plaintiff's Fourteenth Amendment rights by slapping her on the buttocks and threatening to taze her.

16. The Fourteenth Amendment protects individuals from egregious wrongdoing by persons, including police officers, acting under color of law. The slapping of Plaintiff on her buttocks in her place of employment was conduct that was intentional and malicious. Said conduct, along with the threat of tazing, was done with deliberate indifference to Plaintiff's right to be free from being assaulted by the police, sexually harassed by the police, and touched by the police in a sexually offensive manner.

17. As a result of Stone's unconstitutional conduct, Plaintiff experienced damages in the form of pain and suffering and severe emotional distress. Stone's actions were the direct and proximate cause of Plaintiff suffering physical and emotional harm.

18. Stone's conduct was intentional, wanton, malicious, oppressive, and/or recklessly indifferent to the constitutional rights of Plaintiff and entitles Plaintiff to an award of punitive damages against Stone.

19. If Plaintiff prevails, she is also entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Nicholas Stone for compensatory damages in an amount which is fair, just and reasonable under the circumstances, punitive damages, plus costs of this action and attorney's fees, and for any other relief as is appropriate under the law.

### COUNT II
### BATTERY—STATE LAW CLAIM
### AGAINST DEFENDANT NICHOLAS STONE

20. Plaintiff incorporates by reference all prior allegations of this Complaint as if fully set forth herein.

21. Stone intentionally struck Plaintiff on the buttocks with his open hand in public in her place of employment. When Stone struck Plaintiff, he intended to make physical contact with her. The strike to the buttocks was extreme, outrageous and offensive physical contact. A reasonable person would find the strike to the buttocks to be extreme, outrageous and offensive physical contact. Plaintiff was in fact offended by the slap to her buttocks.

22. Stone's actions were the direct and proximate cause of Plaintiff suffering physical and emotional harm; his actions caused Plaintiff damages in the form of pain and suffering and severe emotional distress.

23. Stone's actions were intentional and malicious and/or showed complete indifference to or conscious disregard for the well-being of Plaintiff. Stone's conduct was extreme and outrageous and showed reckless indifference to the rights of others and the rights of Plaintiff. Stone's extreme and outrageous conduct justifies an award of punitive damages against him. Punitive damages will serve to punish Stone for his actions and to deter him and other similarly situated persons from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Nicholas Stone for compensatory damages in an amount which is fair, just and reasonable under the circumstances, punitive damages, plus costs of this action and attorney's fees, and for any other relief as is appropriate under the law.

## COUNT III
## ASSAULT—STATE LAW CLAIM
## AGAINST DEFENDANT NICHOLAS STONE

24. Plaintiff incorporates by reference all prior allegations of this Complaint as if fully set forth herein.

25. Stone took authority and control over Plaintiff's workspace in an area reserved for store employees by entering the enclosed area behind the counter without having permission or consent to enter said space. While in the workspace, Stone further exercised his authority and control by engaging in intimidating gun play directed at Plaintiff.

26. Stone handled the store's firearm by removing the firearm from underneath the counter and replacing the original ammunition with Pine Lawn department issued ammunition.

27. Stone forcefully struck Plaintiff on the buttocks after exhibiting and handling the gun.

28. During the incident, Stone asked Plaintiff if she would prefer to be tazed instead of hit.

29. Stone's actions--loading the store's firearm with his police ammunition, forcefully slapping Plaintiff on the buttocks, mocking Plaintiff, and asking her if she would prefer to be tazed—caused Plaintiff to be intimidated by Stone and to be afraid of him. His actions as

described herein placed Plaintiff in imminent apprehension that he would cause her serious bodily harm.

30. Stone's actions as described herein were done with the intent of causing Plaintiff imminent apprehension of serious bodily harm.

31. Plaintiff suffered physical and emotional harm as a direct and proximate cause of Stone's actions as described herein; his actions caused Plaintiff damages in the form of pain and suffering and severe emotional distress.

32. Stone's actions were intentional and malicious and/or showed complete indifference to or conscious disregard for the well-being of Plaintiff. Stone's conduct was extreme and outrageous and showed reckless indifference to the rights of others and the rights of Plaintiff. Stone's extreme and outrageous conduct justifies an award of punitive damages against him. Punitive damages will serve to punish Stone for his actions and to deter him and other similarly situated person's from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Nicholas Stone for compensatory damages in an amount which is fair, just and reasonable under the circumstances, punitive damages, plus costs of this action and attorney's fees, and for other relief as is appropriate under the law.

### COUNT IV

### 42 U.S.C. § 1983—MUNICIPAL LIABILITY FOR CONSTITUIONAL RIGHTS VIOLATION AGAINST DEFENDANT CITY OF PINE LAWN

33. Plaintiff incorporates by reference all prior allegations of this Complaint as if fully set forth herein.

34. Pine Lawn had a duty to train, supervise, control and discipline the officers of the Pine Lawn Police Department.  Further, Pine Lawn had the power and responsibility of regulating the policies and practices of its police department.

35. Regarding its police department, Pine Lawn had certain customs and practices that were pervasive, accepted, and widespread that resulted in Plaintiff's constitutional rights being violated by Stone.  These customs and practices, which were commonly engaged in by Pine Lawn police officers and/or their superiors, included:

   a. physically assaulting and abusing arrested persons, and using unreasonable and excessive force against persons they encountered or arrested;

   b. unreasonably detaining and arresting persons without probable cause;

   c. failing to properly train and instruct officers on proper conduct;

   d. failing to discipline officers who engaged in misconduct;

   e. failing to adequately investigate complaints of officer misconduct.

36. Through its customs and practices, Pine Lawn has acted with deliberate indifference to the constitutional rights of individuals, such as Plaintiff, who are encountered by Pine Lawn police officers.  Pine Lawn has acted with deliberate indifference to Plaintiff's Fourteenth Amendment substantive due process rights to be free from being assaulted by police officers and free from sexually offensive contact at the hands of police officers.

37. As a direct and proximate cause of the policies, customs, practices, actions and inactions of Pine Lawn, Plaintiff suffered physical harm and emotional distress due to her encounter with Stone in her workplace.  More specifically, Plaintiff experienced pain and suffering, and severe emotional distress because Stone intimidated her when he exhibited a loaded

firearm in her workspace, violated her in a sexually offensive manner by forcefully slapping her across the buttocks, and frightened her when he asked her if she would prefer to be tazed or hit.

38.     If Plaintiff prevails, she is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against the City of Pine Lawn for compensatory damages in an amount which is fair, just and reasonable under the circumstances, plus costs for this action, and attorney's fees, and for any other relief as is appropriate under the law.

RESPECTFULLY SUBMITTED,

/s/ Evelyn Lewis
_____
Evelyn Lewis, #43108 MO
Law Office of Evelyn C. Lewis, LLC
Attorney for Defendant
Bank of America Building
4625 Lindell Blvd., Suite 402
St. Louis, MO 63108
Phone: (314) 531-1000
Fax: (314) 932-1155
lawbylewis@sbcglobal.net